UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| STUART FRIEDMAN and SHERRI FRIEDMAN,<br><br>     Plaintiffs,<br><br> -against-<br><br>MISSION OF THE GABONESE REPUBLIC and AMBASSADOR BAUDELAIRE NDONG ELLA,<br><br>     Defendants. | Case No. 17-cv-08142-AJN<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |

   As directed by the Order dated May 24, 2018 (Dkt. No. 30), plaintiffs Stuart Friedman and Sherri Friedman (collectively, "Plaintiffs" or "Landlord") respectfully submit this brief explaining why defendant Mission of the Gabonese Republic (the "Gabonese Republic") is not immune from suit as a foreign sovereign or diplomat.  In short, and as alleged in the Complaint, the Gabonese Republic is not immune because the action is based upon commercial activity – a residential lease transaction – which is an exception to immunity. (Dkt. No. 1, ¶ 9).

   Under the Foreign Sovereign Immunities Act ("FSIA"), a foreign sovereign is immune from suit in the United States unless a statutory exception apples. 28 U.S.C. § 1604 ("a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.").  Under the commercial activity exception, a foreign sovereign is not immune from suit in any case

> in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States ....

28 U.S.C. § 1605(a)(2).

The FSIA defines a "commercial activity" as "either a regular course of commercial conduct or a particular commercial transaction or act.  The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose." 28 U.S.C. § 1603(d). The FSIA's legislative history provides examples of what the Congress considered to be commercial, as opposed to governmental, activity. H.R.Rep. No. 94–1487, at 16 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 6604, 6615 (stating commercial activities are "[a]ctivities such as a foreign government's sale of a service or a product, *its leasing of property,* its borrowing of money, its employment or engagement of laborers, clerical staff or public relations or marketing agents, or its investment in a security of an American corporation")(emphasis added).

Pursuant to the FSIA, a court must look to the nature of an activity rather than its purpose when determine whether an activity is commercial. 28 U.S.C. § 1603(d).  In *Saudi Arabia v. Nelson,* 507 U.S. 349, 360, 113 S.Ct. 1471, 123 L.Ed.2d 47 (1993), the Supreme Court explained that the commercial activity exception applies when a sovereign "exercises only those powers that can also be exercised by private citizens, as distinct from those powers peculiar to sovereigns."

In *Ford Motor Co. v. Russian Fed.*, No. 09-cv-1646, 2010 WL 2010867 (S.D.N.Y. May 18, 2010), this Court held that the Russian Mission's lease with Ford Motor Company for vehicles was commercial in nature, and thus the Russian Mission was subject to suit under the commercial activity exception.  The Court of Appeals for the Ninth Circuit found that the commercial activity exception applied and that the Consulate General of Nigeria was not immune from a breach of contract claim when it rented a residence from a private landlord. *See Joseph v. Office of the Consulate Gen. of Nigeria,* 830 F.2d 1018, 1024 (9th Cir. 1987). Nothing about the lease

"distinguishes the transaction from an ordinary private commercial transaction, aside from the fact that the Consulate General of Nigeria was the tenant." *Id.*; *see also Kern v. Oesterreichische Elektrizitaetswirtschaft AG*, 178 F.Supp.2d 367, 376–77 (S.D.N.Y. 2001)(finding lease transactions "indisputabl[y] ... commercial in nature" although commercial activity exception did not apply when there was no causal relationship between transactions and alleged injury).

Here, the Gabonese Republic leased residential property from Plaintiffs, (Dkt. No. 1, Exh. A), which is by nature a commercial activity in which a private party can engage. *See* H.R.Rep. No. 94–1487, at 16 ("leasing of property" is a commercial activity).  Of course, the leasing of residential property is not an exercise of purely sovereign powers.  Because the lease agreement is commercial in nature, the Gabonese Republic is subject to suit under the commercial activity exception.

Accordingly, it is respectfully requested that the Court enter a default judgment against the Gabonese Republic.

Dated: New York, New York
       May 31, 2018

**MEISTER SEELIG & FEIN LLP**

  /s/ Kevin Fritz_____
Kevin Fritz, Esq.
125 Park Avenue, 7th Floor
New York, NY  10017
Tel: (212) 655-3500
*Attorneys for Plaintiffs*