USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 2 0 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stuart Friedman and Sherri Friedman,

                Plaintiffs,

—v—

Mission of the Gabonese Republic,

                Defendant.

17-CV-8142 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiff's motion for the entry of default judgment. For the following reasons, the Court grants the motion as to damages but denies it as to attorneys' fees and costs.

I.    **BACKGROUND**

On October 23, 2017, Plaintiffs Stuart and Sherri Friedman filed a complaint against the Mission of the Gabonese Republic and Ambassador Baudelaire Ndong Ella. Dkt. No. 1. Plaintiffs allege that they executed a lease agreement with Defendants but that Defendants, the tenants, canceled the lease on August 28, 2017, nearly two years before the term of the lease was set to expire. *Id.* ¶¶ 11-13. Defendants vacated the premises in August 2017 and returned the keys to Plaintiffs in September 2017. *Id.* ¶¶ 14-15. Plaintiffs contend that Defendants owe rent for the unexpired portion of the lease (October 2017 – July 2019), totaling $352,000. *Id.* ¶ 17.

The Mission of the Gabonese Republic was served in November 2017. *See* Dkt. No. 15. It did not appear or otherwise respond to Plaintiffs' complaint. On January 10, 2018, Plaintiffs filed a request to enter a default against the Mission of the Gabonese Republic, which the Clerk of Court entered the same day. *See* Dkt. Nos. 16-17.

1

On January 11, 2018, Plaintiff moved for default judgment as to the Mission of the Gabonese Republic. Dkt. No. 18. In February 2018, Plaintiffs voluntarily dismissed their claims against Ambassador Baudelaire Ndong Ella. *See* Dkt. Nos. 22-24.

## II. SUBJECT MATTER JURISDICTION

As a preliminary matter, the Court concludes that the Mission of the Gabonese Republic is not entitled to immunity from suit as a foreign sovereign. Under the Foreign Sovereign Immunities Act, a foreign sovereign is immune from suit in the United States unless a statutory exception applies, such as in a case "in which the action is based upon a commercial activity carried on in the United States by the foreign state." 28 U.S.C. § 1605(a)(2); *see* 28 U.S.C. § 1604. "A 'commercial activity' means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose." 28 U.S.C. § 1603(d).

Here, the Mission of the Gabonese Republic leased residential property from Plaintiffs. Nothing distinguishes the lease agreement from a private agreement except that the Mission of the Gabonese Republic happens to be a sovereign. Accordingly, the Mission of the Gabonese Republic is not entitled to immunity from suit because this action is based on a commercial activity. *See Joseph v. Officer of the Consulate Gen. of Nigeria*, 830 F.2d 1018, 1024 (9th Cir. 1987); *Ford Motor Co. v. Russian Fed.*, No. 09 Civ. 1646, 2010 WL 2010867, at *3 (S.D.N.Y. May 18, 2010); *see also Kern v. Oesterreichische Elektrizitaetswirtschaft AG*, 178 F. Supp. 2d 367, 376 (S.D.N.Y. 2001) ("[I]t is indisputable that the leasing transactions in the United States are commercial in nature . . . .").

## III. DISCUSSION

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at 128. Rule 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### A. Default Judgment Is Warranted

Here, entry of a default judgment is warranted. The Mission of the Gabonese Republic has not entered a notice of appearance or responded to the complaint in any way. It failed to respond when Plaintiff sought default and now default judgment. Even with this history, the court is expected to exercise "sound judicial discretion" in determining whether a default judgment should be entered. CHARLES ALAN WRIGHT ET AL., 10A FED. PRAC. & PROC. CIV. § 2685 (4th ed. 2017). The Court may consider factors such as: the amount of money at stake; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay

involved; whether the grounds for default are clearly in doubt; how harsh an effect default judgment might have; whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect; and plaintiff's actions throughout. *Id.* Having considered these factors, the Court finds default judgment appropriate in these circumstances.

### B. Plaintiff Establishes a Prima Facie Case for Recovery

The Court must also evaluate damages. The first step is to look to the complaint to determine whether the plaintiff has established a *prima facie* case for recovery. *See Lenard v. Design Studio*, 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012).

Here, Plaintiffs have submitted a copy of the lease and the lease extension. Dkt. No. 1, Exs. A-B. Pursuant to those documents, Defendants agreed to rent property from Plaintiffs until July 31, 2019, and to pay $16,000 per month in rent. *See* Dkt. No. 1, Exs. A-B. The rental agreement provides that if the lease is canceled, monthly rent for the unexpired portion of the lease term "immediately becomes due and payable." Dkt. No. 1, Ex. A ¶ 19(D)(1). In addition to the lease agreements, Plaintiffs have provided a copy of an email from Defendants, dated August 28, 2017, stating that Defendants are canceling the lease. *See* Dkt. No. 1, Ex. C. Given this evidence, the Court finds that Plaintiff has established a *prima facie* case for recovery of the rent due for the unexpired portion of the lease.

Plaintiffs also seek attorneys' fees and costs. *See* Dkt. No. 19 (Fritz Affidavit) ¶ 21. The rental agreement provides that the Landlord may re-rent the premises if the lease is canceled, "and any cost in connection therewith shall be borne by Tenant which may include, but is not limited to the cost of repairs, decorations, preparation for renting, broker's fees, advertising costs and attorney's fees." Dkt. No. 1, Ex. A ¶ 19(D)(2). Plaintiffs contend that this provision establishes their entitlement to attorneys' fees and costs incurred in this action. *See* Fritz

Affidavit ¶ 21. The Court disagrees. The rental agreement requires the Tenant to bear "any cost in connection" with *re-renting* the premises. By contrast, the attorneys' fees requested by Plaintiffs were incurred in connection with this litigation, in which Plaintiffs seek to recover rent from the unexpired lease term. Accordingly, the rental agreement does not require the Mission of the Gabonese Republic to pay the type of attorneys' fees incurred in this litigation. Plaintiffs have thus not established a *prima facie* case for recovery as to the attorneys' fees and costs.

### C. Plaintiff Provides Sufficient Evidence of Damages

"Once liability is established, the sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks." *Bleecker v. Zetian Sys., Inc.*, No. 12 Civ. 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted). "Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Begum v. Ariba Disc., Inc.*, No. 12-CV-6620, 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Credit Lyonnais*, 183 F.3d at 155).

To determine the amount of damages, the Court may conduct a hearing, but doing so is not necessary "as long as [the Court] ensure[s] that there was a basis for the damages specified in the default judgment." *Transatlantic Marine*, 109 F.3d at 111 (internal quotation marks

omitted); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (stating that a district judge may, but is not required to, conduct a hearing on the matter of damages).

Here, Plaintiffs seek $352,000 in damages and $11,922.54 in attorneys' fees and costs. *See* Fritz Affidavit ¶¶ 20-21. As previously explained, Plaintiffs are not entitled to attorneys' fees or costs. As for damages, Plaintiffs have provided evidence that the Mission of the Gabonese Republic agreed to pay Plaintiffs $16,000 per month until July 31, 2019, that the Mission of the Gabonese Republic informed Plaintiffs that it was canceling the lease on August 28, 2017 and then returned the keys to Plaintiffs in September 2017, and that, pursuant to the rental agreement, the monthly rent for the unexpired portion of the lease term was immediately due and payable when the lease was canceled. *See* Dkt. No. 1, Exs. A-C. Accordingly, Plaintiffs have provided sufficient evidence that they are owed $16,000 per month for 22 months, from October 2017 through July 2019, for a total of $352,000. *See* Fritz Affidavit ¶ 20.

Plaintiffs also request that the Court impose interest on the $352,000, *see, e.g.*, Dkt. No. 19, Ex. 6. Although Plaintiffs do not suggest an appropriate interest rate, or contend that the rental agreement sets a particular interest rate, "[u]nder New York law, 'a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right.'" *Sack v. Lawton*, No. 01 Civ. 285, 2003 WL 22682043, at *4 (S.D.N.Y. Aug. 28, 2003) (quoting *United States Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991)); *see also Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 147 (2d Cir. 2008) ("[U]nder New York choice of law principles, the allowance of prejudgment interest is controlled by the law of [the state] whose law determined liability on the main claim." (alterations in original) (internal quotation marks omitted)). Under New York law, the statutory rate for prejudgment interest in a breach of contract action is 9% per annum. *See id.* (citing N.Y. C.P.L.R. § 5004). Accordingly, the Court

imposes prejudgment interest at the rate of 9% per annum from October 2017 through the date of this Order.

## IV. CONCLUSION

Plaintiff's motion for the entry of default judgment is granted in part. The Court awards Plaintiffs $352,000 in damages, plus prejudgment interest at a rate of 9% per annum, but declines the request for attorneys' fees and costs. This resolves Docket Number 18. The Clerk of Court is directed to close the case and enter judgment.

SO ORDERED.

Dated: June 20, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge