UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Stuart Friedman and Sherri Friedman,

                Plaintiffs,

–v–

Mission of the Gabonese Republic,

                Defendant.

17-CV-8142 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiffs' motion for an order of execution pursuant to 28 U.S.C. § 1610(c). For the following reasons, the Court denies the motion without prejudice.

## I. BACKGROUND

On October 23, 2017, Plaintiffs Stuart and Sherri Friedman filed a complaint against the Mission of the Gabonese Republic and Ambassador Baudelaire Ndong Ella. Dkt. No. 1. Plaintiffs allege that they executed a lease agreement with Defendants but that Defendants, the tenants, canceled the lease early and owe rent for the unexpired portion of the lease. *Id.* ¶¶ 11-13, 17.

The Mission of the Gabonese Republic was served in November of 2017. *See* Dkt. No. 15. It did not appear or otherwise respond to Plaintiffs' complaint. On January 10, 2018, Plaintiffs filed a request to enter a certificate of default against the Mission of the Gabonese Republic, which the Clerk of Court entered the same day. *See* Dkt. Nos. 16-17.

In February 2018, Plaintiffs voluntarily dismissed their claims against Ambassador Baudelaire Ndong Ella. *See* Dkt. Nos. 22-24. On June 20, 2018, following a motion by Plaintiffs, the Court entered an order of default judgment awarding Plaintiffs $352,000 in damages, plus prejudgment interest at a rate of 9% per annum. Dkt. No. 33. On June 26, 2018,

the Clerk of the Court served copies of the default judgment, in both English and French, upon the Gabonese Minister for Foreign Affairs through FedEx International Priority service, with no signature required. *See* Dkt. No. 35. On August 15, 2018, Plaintiffs moved for execution pursuant to 28 U.S.C. § 1610(c). *Id.*

## II. DISCUSSION

In accordance with 28 U.S.C. § 1610(c), the Court will not order execution and attachment until it determines that (1) "a reasonable period of time has elapsed following the entry of judgment," and (2) notice as "required under section 1608(e)" has been given. *See Peterson v. Islamic Republic of Iran*, No. 10 CIV. 4518 KBF, 2013 WL 1155576, at *35 (S.D.N.Y. Mar. 13, 2013). The Court makes no finding as to whether a reasonable period of time has elapsed, because the motion fails due to insufficient notice.

Under 28 U.S.C. § 1608(e), notice of an entry of default judgment must be served on a foreign state in accordance with the first available method prescribed by 28 U.S.C. § 1608(a). The first method is service "in accordance with any special arrangement for service between the plaintiff and the foreign state." 28 U.S.C. § 1608(a)(1). If no special arrangement exists, the statute allows service "in accordance with an applicable international convention." 28 U.S.C. § 1608(a)(2). In the absence of an applicable international convention, service may be effectuated "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail *requiring a signed receipt*, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state." 28 U.S.C. § 1608(a)(3)(emphasis added). If service cannot be made within 30 days under the third method, service may be made "by sending two copies of the summons and complaint and a notice of suit . . . to the Secretary of State in

2

Washington, District of Columbia, to the attention of the Director of Special Consular Services."
28 U.S.C. § 1608(a)(4). In this case, service was attempted under the third method: the default judgment order was mailed in French and English to the Minister of Foreign Affairs of Gabon. *See* Dkt. No. 34.

"Courts have been unequivocal that § 1608(a) mandates <u>strict adherence</u> to its terms, not merely substantial compliance." *Hilt Constr. & Mgmt. Corp. v. Permanent Mission of Chad to the United Nations in New York*, No. 15 CV 8693 (VB), 2016 WL 3351180, at *5 (S.D.N.Y. June 15, 2016) (emphasis original) (quoting *Lewis & Kennedy, Inc. v. Permanent Mission of Republic of Botswana to United Nations*, No. 05 CIV.2591(HB), 2005 WL 1621342, at *3 (S.D.N.Y. July 12, 2005)). Accordingly, for service to be proper under § 1608(a)(3), the required documents must be sent by a form of mail "requiring a signed receipt," as prescribed by the statue. 28 U.S.C. § 1608(a)(3).

In this case, the default judgment order was mailed in French and English to the Minister of Foreign Affairs of Gabon, but no signature was required upon receipt. *See* Dkt. No. 34; Dkt. No. 35, Ex. C (FedEx confirmation indicating "NO SIGNATURE REQUIRED"). As a result, notice as required under § 1608(e) has not been achieved. The motion for an order of execution is therefore denied without prejudice.

## III. CONCLUSION

Plaintiffs' motion for an order of execution pursuant to 28 U.S.C. § 1610(c) is denied with leave to refile following proper service.

SO ORDERED.

Dated: ~~November~~ December 28, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge