UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 10 2019

Stuart Friedman and Sherri Friedman,

                    Plaintiffs,

–v–

Mission of the Gabonese Republic,

                    Defendant.

17-CV-8142 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      Before the Court is Plaintiffs' second motion for an order of execution pursuant to 28 U.S.C. § 1610(c). Dkt. No. 44. For the reasons stated below, this motion is granted.

      On June 20, 2018, the Court entered default judgment against the Mission of the Gabonese Republic, Defendant in this case. Dkt. No. 33. On August 15, 2018, Plaintiffs moved for execution of the judgment pursuant to 28 U.S.C. § 1610(c). Dkt. No. 35. Under 28 U.S.C. § 1610(c), on a determination that (1) "a reasonable period of time has elapsed following the entry of judgment," and (2) notice as "required under section 1608(e)" has been given, the Court may issue an order of execution against a foreign state. *See Peterson v. Islamic Republic of Iran*, No. 10 CIV. 4518 KBF, 2013 WL 1155576, at *35 (S.D.N.Y. Mar. 13, 2013). The Court denied Plaintiffs' motion with leave to refile because notice had not been given in strict adherence to the terms of 28 U.S.C. § 1608. Dkt. No. 38; *see also Hilt Constr. & Mgmt. Corp. v. Permanent Mission of Chad to the United Nations in New York*, No. 15 CV 8693 (VB), 2016 WL 3351180, at *5 (S.D.N.Y. June 15, 2016) ("Courts have been unequivocal that § 1608(a) mandates <u>strict adherence</u> to its terms, not merely substantial compliance.") (emphasis original). Specifically,

1

the Clerk of the Court had mailed the default judgment order to the Minister of Foreign Affairs of the Gabonese Republic in French and English, but no signature was required upon receipt. Dkt. No. 34; *compare* Dkt. No. 35, Ex. C (no signature required) *with* 28 U.S.C. 1608(a)(3) (prescribing service by "any form of mail requiring a signed receipt").

On February 19, 2019, Plaintiffs refiled their motion for an order of execution. Dkt. No. 44. In support of their motion, Plaintiffs filed proof of service of the default judgment on the Minister of Foreign Affairs of the Gabonese Republic. Dkt. No. 45. Section 1608(e) requires that notice of an entry of default judgment be served on a foreign state in accordance with the first available method prescribed by 28 U.S.C. § 1608(a). Section 1608(a) provides that, in the absence of an applicable international convention or a special arrangement for service between the plaintiff and the foreign state, service may be effectuated by sending a copy of the relevant filings, "together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state." 28 U.S.C. § 1608(a)(3). On February 4, 2019, the Clerk of the Court mailed copies of the default judgment order to the Minister of Foreign Affairs of the Gabonese Republic via DHL Express Worldwide. Dkt. No. 45, Ex. 2. The copies were delivered on February 7, 2019, and a signature was provided upon receipt. Dkt. No. 45, Ex. 3. Plaintiffs therefore satisfy the notice requirement of § 1610.

Because Plaintiff has met the notice requirement, the Court turns to the question of whether "a reasonable period of time has elapsed following" notice of the judgment *See Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) ("Prior to ordering attachment and execution, the court must determine that a reasonable period of time has elapsed following the entry of judgment, or in cases of a default judgment, since notice of the

judgment was given to the foreign state under section 1608(e).") (quoting H.R. Rep. No. 1487, 94th Cong., 2d Sess. 30, reprinted in 1976 U.S. Code Cong. & Admin. News 6604, 6629). The Gabonese Republic received notice of the default judgment entered against it on February 7, 2019, Dkt. No. 45, Ex. 3, but has not responded, Dkt. No. 45. The Court is cognizant that payment of a judgment by a foreign state may require time consuming procedures or legislation. Nonetheless, in the absence of any indication that the Gabonese Republic has begun taking steps to satisfy the judgment, the Court concludes that two months following service is a "reasonable period of time" for purposes of 28 U.S.C. § 1610. *See Gadsby & Hannah*, 698 F. Supp. at 486 (holding that "two months from the date of [the] Opinion would be a reasonable period of time as that phrase is used in the FSIA and explained in the legislative history") (internal quotation marks omitted).

For the foregoing reasons, Plaintiffs' motion for an order of execution pursuant to 28 U.S.C. § 1610(c) is granted. Plaintiffs may proceed to collection of the default judgment against the assets of the Gabonese Republic by attachment, execution, or by any other means permitted by applicable law, in accordance with 28 U.S.C. §§ 1610(a), (b). This resolves Dkt. Nos. 42 and 44.

SO ORDERED.

Dated: April ___, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge